PER CURIAM.
Marty Ingram (the former husband) raises three issues on appeal from the trial court’s denial of his motion for relief from judgment and for rehearing, which he filed in response to the trial court’s judgments granting appellee, Mary Peters Ingram (the former wife), attorney’s fees and costs. We find that one of the Former Husband’s issues has merit, and reverse and remand without addressing his other claims of error.
After granting the Former Wife’s motion for rehearing to further consider the issue of her attorney’s fees, the trial court stated that it would allow her counsel ten days from the date of the rehearing in which to file documentation as to his hourly rate, hours expended on the case, as well as an affidavit from an expert attesting to the reasonableness of the requested fees. The trial court provided that after the Former Wife’s materials were filed, the Former Husband would be provided ten days to respond.
The Former Wife filed the referenced documentations and furnished copies of the same to counsel for the Former Husband by e-mail on September 25, 2012. On October 4, 2012, the trial court issued two judgments, one granting the Former Wife $2,500 for trial level attorney’s fees and the other granting her $5,034 for appellate level fees and costs incurred as a result of an earlier appeal of the trial level fees award. The trial court denied appellant’s subsequent motion for relief from judgment and for rehearing, which argued, in part, that the trial court erred by entering *1038 the judgments before appellant’s time to respond had expired. This timely appeal ensued.
Under Florida law, when computing a length of time, measured in days, specified by court order, the day triggering the term must be excluded and every day of the term should be counted, including Saturdays, Sundays, legal holidays, and the last day of the term. Rule 2.514(a)(1), Fla. R. Jud. Admin. (2012). Five days are added to a period calculated under Rule 2.514(a) when a party must act after being served and service is executed by mail or e-mail. Rule 2.514(b), Fla. R. Jud. Admin.
Applying Rule 2.514(a)(1), ten days from September 25, 2012 would be October 5, 2012. Adding an additional five days, pursuant to Rule 2.514(b), establishes the last day the Former Husband could respond as October 10, 2012. While the date stamps on the judgments reflect that they were filed with the clerk of court on October 5, 2012, the orders were signed by the trial court on October 4, 2012. Whether the Former Husband’s opportunity to respond ran until October 5 or October 10, the trial court’s judgments executed on October 4 were plainly premature and contradict its own directive.
Accordingly, we REVERSE the judgments for appellee and REMAND for further proceedings consistent with this opinion.
VAN NORTWICK, THOMAS, and ROBERTS, JJ., concur.